# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| ANTONIO BATTS, | ) | |
| No. 175461, | ) | |
| | ) | |
| Plaintiff, | ) | No. 3:15-cv-01030 |
| | ) | Judge Campbell |
| v. | ) | |
| | ) | |
| STATE OF TENNESSEE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## M E M O R A N D U M

The plaintiff, a pre-trial detainee currently held in the Davidson County Sheriff's Office in Nashville, Tennessee, brings this *pro se, in forma pauperis* action against the State of Tennessee; Seth Norman, a judge for the Davidson County Criminal Court Division IV of the 20th Judicial District in Nashville, Tennessee; Judge "Robinson, Gayle"[1]; and Tim Kernell, Metropolitan Government of Nashville and Davidson County Deputy Criminal Court Clerk. (Docket No. 1). The plaintiff seeks compensatory and punitive damages, the dismissal of the pending state criminal charges against him, the expungement of those charges, his immediate relief from custody, and a reprimand of the defendants. (*Id.* at p. 4).

The plaintiff's complaint is before the court for an initial review pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a).

## I.    PLRA Screening Standard

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint

---

[1]It seems likely that the plaintiff intends to name Gale B. Robinson, Davidson County General Sessions Court Judge, as a defendant.

filed *in forma pauperis* that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). *Id.* § 1915A(b).

The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Although *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with *pro se* complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979)

(citation omitted).

## III. PLRA Screening

Plaintiff Antonio Batts seeks relief pursuant to 42 U.S.C. § 1983. (Docket No. 1 at p. 2). To state a claim under § 1983, the plaintiff must allege and show: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

First, the plaintiff names the State of Tennessee as a defendant. The Eleventh Amendment to the United States Constitution bars civil rights against a state and its agencies and departments in federal court. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989). Eleventh Amendment immunity "bars all suits, whether for injunctive, declaratory or monetary relief" against a state and its agencies. *Thiokol Corp. v. Dep't of Treasury*, 987 F.2d 376, 381 (6th Cir.1993). The plaintiff's claims against the State of Tennessee must therefore be dismissed.

As for the plaintiff's claims against Judges Norman and Robinson, judges are absolutely immune from liability for damages under § 1983. *Briscoe v. LaHue*, 460 U.S. 325, 334 (1983); *Pierson v. Ray*, 386 U.S. 547, 554 (1967); *Barrett v. Harrington*, 130 F.3d 246, 254 (6th Cir. 1997). Because of their judicial immunity, the plaintiff cannot recover damages from either Judge Norman or Judge Robinson.

Next, the plaintiff names Deputy Clerk Kernell as a defendant and seeks monetary damages

from him based on his refusal to expunge a charge that the plaintiff alleges has been dismissed. (Docket No. 1 at p. 3). However, deputy court clerks such as Mr. Kernell are immune from suit for monetary damages. In *Riser v. Schnieder*, 37 Fed. Appx. 763 (6th Cir. 2002), the plaintiff brought suit against two state court judges, a state court magistrate, and a court clerk, alleging that "they improperly denied his motion for a continuance, [improperly granted] a default judgment, and misfiled his motion for relief from judgment." *Id*. at 764. The Sixth Circuit held that "all of the defendants are immune from suit," and stated:

> Accepting all of [the plaintiff's] allegations as true, it is clear that the judges were acting in their judicial capacities and the clerk was acting in a quasi-judicial capacity. Whether or not they committed any errors in handling Riser's small claims case, they are immune from suit for monetary damages.

*Id.* (citing *Foster v. Walsh*, 864 F.2d 416, 417-18 (6th Cir.1988)). Here, too, Deputy Clerk Kernell was acting in a judicial or quasi-judicial capacity when he refused to perform the requested expungement by the plaintiff. Thus, as are Judges Norman and Robinson, Deputy Clerk Kernell is immune from suit for monetary damages.

In addition to seeking monetary damages from the defendants, the plaintiff asks the court to dismiss the pending state criminal charges against the plaintiff, to expunge his state criminal record, and to reprimand the state court judges involved in the plaintiff's case. (Docket No. 1 at p. 4).

To the extent that the complaint asks the court to intervene in the pending state criminal proceedings against the plaintiff, the law is well-settled that a federal court should not interfere with pending state court criminal proceedings, absent the threat of "great and immediate" irreparable

injury. *Younger v. Harris*, 401 U.S. 37, 46 (1971). It is also clear that a federal court may *sua sponte* raise the issue of *Younger* abstention. *Bellotti v. Baird*, 428 U.S. 132, 143-44 n.10 (1976). *Younger* abstention applies where the federal plaintiff seeks injunctive or declaratory judgment relief. *Carroll v. City of Mount Clemens*, 139 F.3d 1072, 1074 (6th Cir. 1998).

In *Younger*, the Supreme Court held that, absent extraordinary circumstances, federal equity jurisdiction may not be used to enjoin pending state prosecutions. The *Younger* abstention doctrine is based on the principle that the states have a special interest in enforcing their own laws in their own courts. *Id.* at 44. The rule is "designed to permit state courts to try state cases free from interference by federal courts, particularly where the party to the federal case may fully litigate his claim before the state court." *Zalman v. Armstrong*, 802 F.2d 199, 205 (6th Cir.1986) (internal quotations omitted). Abstention in favor of state court proceedings is proper where there exists: (1) an ongoing state judicial proceeding; (2) an important state interest; and (3) an adequate opportunity in the state judicial proceedings to raise constitutional challenges. *Middlesex County Ethics Committee v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *Fieger v. Thomas*, 74 F.3d 740, 744 (6th Cir. 1996).

The three factors that support *Younger* abstention are present in this case. First, a state criminal prosecution of the plaintiff appears to be underway. Second, important state interests such as enforcing state criminal statutes and protecting the public are implicated in state criminal prosecutions. *See, e.g., Cooper v. Parrish*, 203 F.3d 937, 954 (6th Cir. 2000). Third, there is no indication in the record before the court at this time that the state court would refuse to consider the plaintiff's claims; thus, presumably the state court proceedings provide an adequate forum in which

the plaintiff can raise challenges to the charges brought against him.[2]  If the plaintiff raises his challenges in state court and the trial court denies or otherwise fails to consider his claims, he may exercise his right to an appeal under Tennessee law.  The plaintiff also may oblige himself of state post-conviction proceedings in the event he is convicted of the charged offense(s).  Under these circumstances, the court cannot interfere with an ongoing state court criminal case by dismissing state charges or expunging records.

There are exceptions to the *Younger* doctrine:   (1) "the state proceeding is motivated by a desire to harass or is conducted in bad faith," *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 611; (2) "the challenged statute is flagrantly and patently violative of express constitutional prohibitions," *Moore v. Sims*, 442 U.S. 415, 424 (1979)(quoting *Huffman*, 420 U.S. at 611); or, (3) there is "an extraordinarily pressing need for immediate federal equitable relief." *Kugler v. Helfant*, 421 U.S. 117, 125 (1975).  These exceptions have been interpreted narrowly.  *Zalman v. Armstrong*, 802 F.2d 199, 205 (6th Cir. 1986).  In order to overcome the bar of *Younger* abstention, a petitioner must do more than set forth mere allegations of bad faith or harassment.  *See Amanatullah v. Colorado Board of Medical Examiners*, 187 F.3d 1160, 1165 (10th Cir.1 999) (citing *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir.1997)).    The plaintiff has not established that any exception to the *Younger* doctrine is warranted in this case.

Finally, the plaintiff asks for this court to order his immediate release from state custody.  (Docket No. 1 at p. 4).  The law is well established that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement . . . even though such a claim

---

[2]For example, the plaintiff argues in his federal complaint that he has been charged with murder of a person who is not deceased.  (Docket No. 1 at pp. 3-4).

may come within the literal terms of § 1983." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994)(citing *Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973)). A § 1983 claim challenging confinement must be dismissed even where a plaintiff seeks only injunctive or monetary relief. *Heck*, 512 U.S. at 489-90 (claim for damages is not cognizable); *Preiser*, 411 U.S. at 488-90 (claim for injunctive relief is only cognizable under 28 U.S.C. § 2254). Additionally, a state prisoner does not state a cognizable claim under § 1983 where a ruling on his claim would imply the invalidity of his conviction and/or confinement, unless and until the conviction has been favorably terminated, *i.e.*, reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of *habeas corpus*. *Heck*, 512 U.S. at 486-87; *Ruff v. Runyon*, 258 F.3d 498, 502 (6th Cir. 2001).

Here, for the reasons stated above, the plaintiff's allegations do not state a claim upon relief can be granted under § 1983. The plaintiff's claims seeking his immediate release from state custody would be more appropriately brought in a petition for writ of *habeas corpus*.

## IV.     Conclusion

Having conducted the review required by the PLRA, the court determines that the plaintiff's claims against all defendants must be dismissed.

An appropriate order will enter.


_____
Todd J. Campbell
United States District Judge